IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02713-BNB

ROSS ALLEY,

    Plaintiff,

v.

PAULA FRANZ, M.D.,
DR. FORTUNATO, and
BEVERLY DOWIS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ross Alley, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Alley has filed *pro se* a civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He also has filed two letters concerning his medical treatment claims. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Alley's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Alley will be ordered to file an amended complaint.

In his complaint, Mr. Alley alleges that he has been denied interferon for his hepatitis C, apparently because he failed to take the prerequisite drug and alcohol

education classes and because the DOC only provides hepatitis C treatment within five years of the end of an offender's sentence. Mr. Alley further alleges that he is serving a sixty-four-year sentence. He also alleges that he has been diagnosed with a hearing condition requiring "medical hearing enhancement devices," *see* complaint at 6, and contends he is being denied hearing aids. He makes a cursory reference to being approved for and refused knee replacement surgery. The letters he submitted to the Court appear to be an attempt to amend his claims.

Mr. Alley fails to assert in a clear manner the personal participation of each named defendant in the asserted claims. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Alley must show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Alley may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Alley uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

The amended complaint Mr. Alley will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Alley to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Mr. Alley's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Alley must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated

and the specific acts of each named defendant that allegedly violated his rights. Mr. Alley may not supplement the amended complaint he is being directed to file with letters to the Court. He must assert each claim he intends to raise in the amended complaint. Accordingly, it is

ORDERED that Plaintiff, Ross Alley, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Alley, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled " Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Alley fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 14, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02713-BNB

Ross Alley
Prisoner No. 84044
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12/14/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk