IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02713-WYD-BNB

ROSS ALLEY,

Plaintiff,

v.

BEVERLY DOWIS,
DR. J.G. FORTUNATO, and
DR. PAULA FRANZ,

Defendants.
_____

**ORDER**
_____

This matter arises on a letter filed by the plaintiff [Doc. #40] (the "Letter") on September 8, 2010. The Letter is STRICKEN.

On May 13, 2010, the plaintiff filed a letter requesting relief from the court. The plaintiff did not indicate that the letter was served on counsel for the defendants. In striking the letter, I informed that plaintiff that a request for a court order must be made in the form of a motion, and I stated the following:

> [T]he local rules of this Court prohibit ex parte communication with judicial officers:
>
> "In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys."
>
> D.C.COLO.LCivR 77.2.

> Copies of papers filed in this court are to be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b).
>
> Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

*Order Issued May 17, 2010* [Doc. #30].

In addition, I ordered that "in the future, all applications to the court for relief shall be submitted in the form of a motion and shall be served on counsel for the defendants in accordance with Rule 5." Id.

On June 1, 2010, the plaintiff filed a motion requesting representation by counsel [Doc. #32]. Although the plaintiff submitted the request in the form of a motion, he did not indicate that the motion was served on counsel for the defendants. I struck the motion [Doc. #34], and I ordered that "in the future, copies of all papers filed with this court shall be served on counsel for the defendants." In addition, I warned the plaintiff that failure to comply with the Federal Rules of Civil Procedure and my orders could result in sanctions, including dismissal of this case.

My orders and warning notwithstanding, the plaintiff has filed the instant Letter, which accuses me of bias and requests a "review" of my decisions in this case. The Letter does not contain a certificate of service and is not in motion form.[1] Accordingly,

---

[1] In addition, the Letter does not state with specificity the relief sought. In the event the plaintiff is seeking to disqualify me from this case, he must file a motion which specifically requests disqualification. To the extent the plaintiff is attempting to file a complaint of judicial

2

IT IS ORDERED that

(1) The Letter is STRICKEN;

(2) In the future, all applications to the court for relief shall be submitted in the form of a motion and shall be served on counsel for the defendants in accordance with Rule 5; and

(3) Failure to comply with the Federal Rules of Civil Procedure and my orders may result in sanctions, including dismissal of this case.

Dated September 9, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

misconduct, he must submit a complaint to the Judicial Counsel of the Tenth Circuit, 1823 Stout Street, Denver, Colorado, 80257.