IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02713-WYD-BNB

ROSS ALLEY,

    Plaintiff,
v.

BEVERLY DOWIS,
DR. J. G. FORTUNATO, and
DR. PAULA FRANZ,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on Defendants' Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment. Defendants seek summary judgment as to Plaintiff's pro se claims under 42 U.S.C. § 1983 alleging deliberate indifference in connection with the denial of knee replacement surgery, the decision not to provide him with hearing aids, and his treatment for Hepatitis C. The motion was referred to Magistrate Judge Boland for a recommendation by Order of Reference of February 2, 2010, and Memorandum of October 12, 2010.

    Magistrate Judge Boland issued a Recommendation on May 2, 2011, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. It is recommended therein that Defendants' Motion for Summary Judgment be granted. (Recommendation at 1, 17.)

Magistrate Judge Boland advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Recommendation at 17). Despite this advisement, no objections were filed to the Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Boland that Defendants are entitled to summary judgment on the Eighth Amendment Claim because, while the record demonstrates that Plaintiff's knee condition was sufficiently serious to meet the objective component of a deliberate indifference claim, he has now shown that any of the Defendants were deliberately indifferent to his knee condition for the reasons stated in the Recommendation. (Recommendation at 13-14.) Indeed, as stated in the Recommendation, the knee surgery was precluded by Plaintiff's immobility and weight

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

gain, not any deliberate indifference. (*Id.*) I also agree with the recommendation to grant summary judgment as to the claims related to a hearing aid and treatment for Hepatitis C since Plaintiff has not shown that these conditions are sufficiently serious or that Defendants subjectively knew of and disregarded an excessive risk to his health. (*Id.* at 15-17.) Finally, I agree that summary judgment is appropriate as to the conspiracy claim since Plaintiff failed to establish the existence of any constitutional violations. (*Id.* at 17.)

I also note as support for my ruling that, in addition to not filing objections to the Recommendation, Plaintiff did not file a response to Defendants' Motion for Summary Judgment despite being ordered to do so by Magistrate Judge Boland. (*See* Minute Order of October 12, 2010, ECF No. 50.) This means that the factual allegations stated in Defendants' summary judgment motion were deemed admitted.

I note that Plaintiff did submit a letter to the Court on October 25, 2010. This letter, however, does not respond to the factual allegations and argument in the summary judgment motion. Instead, it complains about alleged wrongdoing on part of the Attorney General and Magistrate Judge Boland. Plaintiff was previously advised, however, by Magistrate Judge Boland that *ex parte letters* to the Court such as this one are prohibited and that a request for a court order must be made in the form of a motion. (*See* Orders of September 9, 2010, ECF No. 41 and May 17, 2010, ECF No. 30). Thus, Plaintiff was on notice that this letter (as well as other letters filed by him) was improper.

My review of the record shows that Plaintiff has chosen in this case not to comply

with Court Orders or the Federal Rules of Civil Procedure regarding the filing of motions and responses to motions. Pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements" of the Federal Rules of Civil Procedure. The granting of Defendants' summary judgment motion is due solely to Plaintiff's failure to comply with these obligations, not to any bias of the Court.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 2, 2011 (ECF No. 53) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion for Summary Judgment filed October 8, 2010 (ECF No. 47) is **GRANTED**, and this case is **DISMISSED**.

Dated: August 23, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge